RECEIVED

JUL 1 1 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

**CURVIS J. TRAHAN** — **CIVIL ACTION NO. 07-1457**

**VS.** — **JUDGE DOHERTY**

**U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION** — **MAGISTRATE JUDGE METHVIN**

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**.

### *Background*

Curvis J. Trahan is a 43 year old claimant. Trahan has a sixth grade education and worked as a forklift operator, scrap sorter, and oilfield worker. On May 16, 2005, Trahan applied for disability insurance and supplemental security income benefits, alleging disability since May 9, 2003 due to joint pain in his back, arms, and shoulders.[1] Trahan's application was denied on initial review, and an administrative hearing was held on December 14, 2006.[2] On February 9, 2007, the ALJ found that Trahan was not disabled.[3] The Appeals Council denied review and Trahan timely filed this appeal.[4]

---

[1] Tr. 54-58, 163-165.

[2] Tr. 166-196.

[3] Tr. 14-21.

[4] Tr. 3-5.

*Assignment of Errors*

Trahan alleges the following errors: 1) the ALJ improperly applied a stigmata test; and 2) the ALJ's hypothetical question to the vocational expert was defective.

***Standard of Review and the Commissioner's Findings***

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion. Carey, 230 F.3d at 136; Johnson v. Bowen , 864 F.2d 340, 343 (5th Cir.1988). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson, 864 F.2d at 343.

In determining whether a claimant is capable of performing substantial gainful activity, the Secretary uses a five-step sequential procedure set forth in 20 C.F.R. §404.1520(b)-(f) (1992):

1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.

2. A person who does not have a "severe impairment" will not be found to be disabled.

3. A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If a person can still perform his past work, he is not disabled.

5. If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

In the case at bar, the ALJ found that Trahan's rheumatoid arthritis is severe.[5] At Step 5, the ALJ found that Trahan can lift up to 25 pounds frequently and 50 pounds occasionally; the inability to sit, stand or walk for more than a total of 6 hours in an 8-hour day; the inability to climb, and he needs to change positions every 90 minutes. Relying on the testimony of a vocational expert, the ALJ found that Trahan can perform his past work of forklift operator, and therefore he is not disabled.[6] .

***Administrative Record***

On November 1, 2002, Trahan was examined at University Medical Center left wrist and shoulder pain and stiffness that began in 2001 after he fell out of a truck at work.[7] Trahan had full range of motion and no swelling. He was diagnosed with polyarthraliga, i.e., joint pain. Trahan was prescribed Celebrex.

Trahan continued to visit UMC with complaints of joint pain in his knees, shoulders, wrists, and back. There was no indication of swelling or limited range of motion. He was told to

[5] Tr. 15.

[6] Tr. 19.

[7] Tr. 159.

use over-the-counter pain relievers.[8] On October 4, 2004, x-rays of Trahan's chest and shoulders were normal.[9]

On June 27, 2005, laboratory testing at UMC indicated that Trahan had rheumatoid arthritis.[10] On July 21, 2006, Trahan was examined at UMC complaining of back and hip pain and an abscess on his left eye.[11] The x-ray of his right hip was normal and the x-ray of his lumbar spine showed lower lumbar spondylosis.[12]

At the request of Disability Determination Service, Trahan was examined by Dr. Samuel Stagg, Jr., an internist, on August 15, 2005.[13] Trahan complained of joint pain, but reported no swelling. Trahan had a normal gait, and no muscle weakness or atrophy. Trahan had normal grip and dexterity, as well as normal range of motion in all extremities and spine. There was no inflammation in the joints. Dr. Stagg found "arthritic complaints, etiology undetermined."[14]

On August 19, 2005, a non-examining Social Security Administration consultant completed a physical residual functional capacity ("RFC") assessment, finding that Trahan could occasionally lift 50 pounds, frequently lift 25 pounds, stand and/or walk six hours in an 8-hour

---

[8] Tr. 135, 142-156.

[9] Tr. 139-141.

[10] Tr. 128-129, 131.

[11] Tr. 113.

[12] Tr. 111-112.

[13] Tr. 97-98.

[14] Tr. 98.

workday, and sit six hours in a workday.[15] Trahan's RFC limited him to occasional climbing, stooping, kneeling, crouching, and crawling, and no balancing.

During the administrative hearing Trahan testified that after his alleged date of disability (May 9, 2003), he worked at a rice mill from September to December, 2004 and at Acadia Recycling in October, 2006 sorting materials.[16] Trahan was laid off from those jobs. Trahan testified that he lives alone, drives, and shops occasionally. Trahan hunts rabbits and fishes.[17] Trahan takes Aleve for pain relief.[18] Trahan testified that he can lift 50 pounds, but he begins to hurt and swell. He can walk two blocks, and can only sit and stand for short periods of time.[19]

***Findings and Conclusion***

**Complaints of pain and stigmata test**

Trahan contends that the ALJ failed to properly assess his complaints of pain and improperly applied a stigmata test.

The law of the Fifth Circuit is that pain reaches the level of a disabling complaint when such pain is constant, unremitting, and wholly unresponsive to therapeutic treatment. Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994). There are external manifestations of debilitating pain, such as marked weight loss, limited range of motion, and muscular atrophy which can be considered by the ALJ in determining the disabling nature of pain. Id.; Chaney v. Califano, 588

---

[15] Tr. 99-106.

[16] Tr. 173-174.

[17] Tr. 182-183.

[18] Tr. 185.

[19] Tr. 185.

F.2d 958, 960 (5th Cir. 1979); Hollis v. Bowen, 837 F.2d 1378, 1384 (5th Cir. 1988). The stigmata test which is prohibited in the Fifth Circuit is one in which the ALJ applies a "sit and squirm index" during the ALJ's brief observation of the claimant at the hearing. Spencer v. Schweiker, 678 F.2d 42, 45, n. 7 (5th Cir.1982), quoting Aubeuf v. Schweiker, 649 F.2d 107, 113 (2nd Cir.1981).[20]

When there are conflicts between subjective complaints of pain and objective evidence, the ALJ is to evaluate the claimant's credibility. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991). "How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence." Carrier, 944 F.2d at 246. The mere existence of pain does not automatically bring a finding of disability. Harper v. Sullivan, 887 F.2d 92, 96 (5th Cir.1989). This court may not reweigh the evidence. Id., citing Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir.1990).

In the instant case, the ALJ concluded:

> The undersigned also notes that in spite of the claimant's ongoing complaints of pain he has never exhibited any motor, sensory, neurological, reflex or circulatory deficits on clinical examination. He has never had muscle spasms and his ranges of motion have been normal or nearly normal in the body areas allegedly affected. Dr. Stagg reported that the claimant had full ranges of motion in all pertinent planes and joints, and that there were no inflammatory processes going on in the joints. In addition, there has never been any clinical atrophy in any of the allegedly affected muscle groups.
>
> ***

---

[20] This case is distinguishable from Romero v. Barnhart, 04CV1284, which is relied upon by Trahan. In Romero, the ALJ's reference to the lack of observable signs of pain was contrary to the medical evidence, including reports from his physicians that "he will be incapable of work if his symptoms are not relieved by current therapy." Moreover, there were other errors in the ALJ's decision which necessitated reversal. Here, however, as set forth above, the lack of medical signs supports the medical evidence. Finally, it should be noted that Chaney v. Califano, supra, has not been rejected or otherwise reversed as indicated by Trahan.

> In this instance the claimant does not have any of the stigmata frequently observed in the patient who suffers constant, unremitting pain which is totally unresponsive to therapeutic measures. The courts have recognized that, generally, when an individual has suffered severe pain for an extended period of time, there are observable signs such as drawn features, expressions of suffering, nutritional deficits, significant weight loss and poor overall health. Chaney v. Califano, 588 F.2d 958 (5th Cir. 1978). No doctor who has ever examined the claimant has reported finding any of these signs. As it has now been several years since the alleged onset of disability, it is reasonable to expect that one or more of these signs would have been present and observed by a physician if the claimant had the degree of severe and disabling pain alleged. In Hollis v. Bowen, 837 F.2d 1378 (5th Cir. 1988), the court recognized that the absence of objective factors indicating the existence of severe pain can justify the Administrative Law Judge's conclusion that the claimant does not suffer from "severe, persistent and intractable pain" that would preclude the performance of work activity. I so find.
>
> The claimant's rheumatoid arthritis is sufficiently documented in the evidence of record. Likewise, the claimant has demonstrated some degree of limitation flowing therefore, and those limitations are included at length in the RFC set forth below.
>
> Therefore, after consideration of the entire body of evidence in this case, the undersigned finds that, at all times material hereto, the claimant has had the residual functional capacity for the ability to lift and/or carry up to 25 lbs. frequently and 50 lbs. occasionally; the inability to sit, stand or walk for more than hours at a time, or more than a total of 6 hours in an 8-hour day; the inability to do any climbing of ropes, ladders or scaffolds, and the need to change positions every 90 minutes.[21]

The undersigned concludes that the ALJ's findings are supported by the record. The ALJ did not apply a prohibited sit-and-squirm test, which simply bases the decision on the ALJ's brief observation of the claimant during the hearing. Instead, the ALJ noted that the medical evidence did not include any objective medical signs of severe and disabling pain – at no time did Trahan have limited range of motion, swelling, atrophy, etc. This finding is clearly supported by the record.

---

[21] Tr. 17-18.

Although Trahan suffers from arthritic pain, there is no support for the allegation that he is totally disabled because of that pain. Further, by taking into account Trahan's need to change positions frequently, and noting his inability to lift more than 25 pounds frequently, and limiting him from climbing, the ALJ acknowledged that Trahan was in pain and that his condition posed serious work-related limitations.

For the foregoing reasons, the undersigned concludes that the ALJ's credibility assessment was not erroneous. There is substantial evidence in the record to support the ALJ's conclusion that, although Trahan suffers from pain causing arthritis and he has work-related limitations, he is not precluded from performing work.

**Vocational Expert Testimony**

Trahan argues that the ALJ erred in not adopting the vocational expert's testimony given in response to a hypothetical question posed by Trahan's counsel.

The ALJ is only required to rely on the vocational expert's testimony in response to the hypothetical that includes the limitations *recognized by the ALJ* as being the residual functional capacity. Bowling v. Shalala, 36 F.3d 431 (5th Cir. 1994). Here, the ALJ's hypothetical posed to the V.E. included the ALJ's RFC assessment. In response, the V.E. testified that Trahan could return to his previous work as a forklift operator. Thus, I find that the ALJ properly relied on the V.E.'s testimony in response to the question which included the ALJ's RFC assessment. Therefore, this claim is without merit.

*Conclusion*

The undersigned finds that substantial evidence of record supports the ALJ's decision. Accordingly, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on July 10, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)